JACOB A. WATSON

*Plaintiff and Respondent*

vs.

ALLEN F. KLINDT

*Defendant and Appellant.*

(No. 2659; March 1, 1955; 280 Pac. (2d) 282)

For the plaintiff and respondent the cause was submitted upon the brief of Thomas M. McKinney of Basin, Wyoming.

For the defendant and appellant the cause was submitted upon the brief of Lewis and Copenhaver of Powell, Wyoming.

## OPINION

HARNSBERGER, Justice

The plaintiff sued to recover $1,025.00 upon defendant's check for that sum made payable to plaintiff, alleging that the check was presented, payment refused, defendant notified but not paying the sum due.

Defendant admitted making the check but denied all other allegations, and cross-petitioned in two causes, the substance of which set forth that plaintiff and one Morgariedge (sometimes spelled Morgareidge) were oil, gas and mineral lessees of lands from one Wagner and wife; that defendant, desiring to obtain an oil, gas and mineral lease of the same property, secured from plaintiff for a valuable consideration, a release of the plaintiff-Morgariedge lease, and thereupon defendant obtained an oil, gas and mineral lease of the property from Wagner and wife to himself; that to induce defendant to purchase the release, plaintiff represented he was the sole owner of the plaintiff-Morgariedge lease from the Wagners and that plaintiff could and would furnish and record written evidence that plaintiff was then the sole owner of that lease; that thereafter defendant learned Morgariedge still claimed an interest in the plaintiff-Morgariedge lease and defendant was forced to pay Morgariedge $800.00 for his release and disclaimer. Plaintiff failed within statutory time to file an answer to these cross-complaints and defendant moved for default judgment upon the same. Plaintiff then filed his answer, generally denying the two causes of the cross-petition, and defendant moved to strike that answer, but the court denied the motion. Upon trial to the court, plaintiff was given judgment for $1,025.00 interest and costs. In appealing from the judgment, defendant specifies as reversible error, (1) denial of defendant's motion to strike plaintiff's answer to the cross-petition, (2) refusal to permit defendant testifying as to dates when two wells were drilled on the lands in lease, (3) insufficiency of evidence to sustain the judgment and (4) that the judgment was contrary to law.

Section 3-1501, Wyoming Compiled Statutes, 1945,

specifies the times within which pleadings are to be filed. Section 3-1502, W.C.S., 1945, provides:

" The court, or a judge thereof in vacation, may, for good cause shown, extend the time for filing any pleading upon such terms as are just. "

Thus, it is within the sound discretion of the court whether a pleading may be filed after the time provided in Section 3-1501, and no abuse of that discretion has been shown .

Not only did the defendant fail to make an offer of proof when the court sustained objection to his testifying as to the dates of drilling wells, but defendant has also failed to point out in what manner that testimony could have had any bearing on the issues to be decided or what effect the exclusion of the testimony had upon the judgment rendered. The objection is without merit.

At the beginning of the trial the court stated —"You gentlemen just stipulated, or agreed, as I understand it, that the defendant in this case delivered the check for $1025.00 to the plaintiff (which is tendered into court), and that he owed the amount at the time, subject to your cross petition. * * * " There was also testimony by the defendant that he had given the plaintiff the check and at the time received therefor $1,000.00 in cash, which had not been repaid. Other testimony showed the $25.00 difference represented a charge made for the transaction. Therefore, unless the evidence warrants a recovery upon defendant's cross-petition, the judgment must be affirmed.

Following the rule of this court when an appeal is based upon alleged insufficiency of evidence, we will only consider undisputed evidence respecting the causes set forth in defendant's cross-petition, and evidence most favorable to the successful party.

There was undisputed evidence that on the 29th of August, 1945, Wagner and wife gave plaintiff and Morgariedge, a partnership, a ten (10) year oil, gas and mineral lease on certain of their lands; that on April 14, 1948, Morgariedge gave plaintiff a check for $1,800.00 upon which appeared the notation "account in full to date"; that on November 9th, 1950, Wagner and wife gave an oil, gas and mineral lease for the same lands to defendant; that on November 9, 1950, plaintiff executed a release to the Wagners of the plaintiff-Morgariedge lease of August 29, 1945; that on account of a disrelated transaction, Wagners were indebted to plaintiff in the sum of $425.00 at the time the release was given.

The summary of plaintiff's testimony recounted that he had previously loaned Morgariedge $2,800.00; that on April 14, 1948, Morgariedge proposed that if plaintiff would give him credit for what he had put into the plaintiff-Morgariedge lease, he would pay plaintiff $1,800.00 cash in full settlement of his $2,800.00 debt; that plaintiff accepted this proposal, taking Morgariedge's check for $1,800.00, upon which the mentioned notation appeared; that plaintiff thus became the sole owner of the plaintiff-Morgariedge lease; that *plaintiff told defendant about that settlement* at the time plaintiff was asked to give his release to the Wagners of the plaintiff-Morgariedge lease; that plaintiff gave such a release to Wagners and was repaid the $425.00 due him from Wagners; that plaintiff received nothing else as consideration for the release; that defendant paid Wagner's debt of $425.00 to plaintiff and plaintiff then released back to the Wagners all his right, title and interest in the plaintiff-Morgariedge lease.

It, therefore, seems that the release of plaintff's interest in the plaintiff-Morgariedege lease was a

transaction between plaintiff and the Wagners and not between plaintiff and defendant.

It also seems that plaintiff made a full disclosure respecting his claim of sole ownership of the plaintiff-Morgariedge lease; that plaintiff only released the interest he had in that lease; that he received no consideration for the release he gave the Wagners but was merely repaid a debt which was his due and that, as above noted, whatever dealings the plaintff had respecting the release of the plaintiff-Morgariedge lease, were dealings with the Wagners and not dealings with defendant. Certainly no fraud can be predicated upon such a circumstance and the cross actions of the defendant based in the theory that the plaintiff had misrepresented to and thereby defrauded the defendant, must fail. Finding no error, the judgment is affirmed.

*Affirmed.*

RINER, C. J. AND BLUME, J. concur.